### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD LACKEY, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| MICHAEL PETTY, Public Defender, and DR. SCOTT C. SMITH, | : | NO. 3:12-CV-13 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **JAMES EDWARD LACKEY, JR.**, who is presently confined at the East Central Regional Hospital ("ECRH"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was previously ordered to pay an initial partial filing fee of $8.36 and to supplement his complaint. As discussed below, Plaintiff has supplemented his complaint (Doc. 16-2). He also states that ECRH officials have told Plaintiff that he has no money in his account (Doc. 16-1).

In light of Plaintiff's difficulties, the Court hereby **WAIVES** the initial partial filing fee. Plaintiff remains obligated, however, to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The account custodian at ECRH shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager of ECRH.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an

act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th  Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this action against Michael Petty, who is Plaintiff's public defender, and Dr. Scott C. Smith, who is a psychologist at ECRH.  In response to this Court's direction, Plaintiff has submitted a copy of Dr. Smith's Court Ordered Evaluation (Doc. 16), which was ordered by the Walton County Superior Court and is dated April 16, 2011.  Based upon Dr. Smith's Evaluation, Plaintiff was found incompetent to stand trial on criminal charges in Walton County and was transferred to ECRH.  Wishing to have his day in court, Plaintiff alleges that Dr. Smith lied in the Evaluation and is opposed to Plaintiff's "spiritual belief[s]."  Plaintiff sues Petty because he allegedly "misrepresented" Plaintiff, including meeting with Plaintiff "only once in a year" and initiating Dr. Smith's assessment of Plaintiff's competency to stand trial.  According to Plaintiff, Petty and Dr. Smith participated in a conspiracy to have Plaintiff committed.  As relief, Plaintiff seeks $50,000 and to have his "named cleared from charges."

## III. DISCUSSION

As an initial matter, Plaintiff being cleared of criminal charges is not available in a

3

section1983 action.  The sole means for Plaintiff to challenge his confinement is a petition for writ of habeas corpus, **following** the exhaustion of state court remedies.  ***Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus); *see also* ***Duncan v. Walker***, 533 U.S. 167, 176 (2001) (state court judgment pursuant to which a habeas petitioner is "in custody" need not be a criminal conviction).

Moreover, Plaintiff fails to state a valid claim for money damages against either Petty or Dr. Smith.  As to Petty, to be liable in a section 1983 action, the defendant must act "under color of state law."  Cite.  In his capacity as Plaintiff's counsel, Petty was not acting "under color of state law" for purposes of section 1983.  ***See Polk County v. Dodson***, 454 U.S. 312, 318-19 (1981) (a public defender is not a state actor); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).

An attorney may be sued under section 1983, if he conspired with someone who did act under color of state law.  ***Wahl***, 773 F.2d at 1173.  In the present case, Plaintiff alleges such a conspiracy involving Petty and Dr. Smith.  Plaintiff fails, however, to plead more than a general conclusory allegation of conspiracy.  Because Plaintiff failed to allege specific facts supporting the existence of a conspiracy, Plaintiff has not stated a constitutional claim cognizable under section 1983.  ***See Fullman v. Graddick***, 739 F.2d 553, 557 (11th Cir. 1984).

As a court-appointed psychologist, Dr. Smith is absolutely immune from liability for damages in connection with his assessment of Plaintiff's competency and submission of his Evaluation to the Walton County Superior Court.  ***See e.g., Hughes v. Long***, 242 F.3d 121 (3d Cir.2001); ***Straub v. Cary***, 37 F.3d 1506 (9th Cir. 1994); ***Moses v. Parwatikar***, 813 F.2d 891 (8th Cir.1987); ***Inesti v. Hagan***, No. 11 Civ. 2596, 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012);

*Saunders–El v. Fisher*, No. 10 Civ. 264, 2010 WL 6729155, at *4 (E.D.Va.2010). ***See also***

***Jones v. Luis***, 372 F. App'x 967, 970 (11th Cir. 2010) (psychologist absolutely immune for giving perjured testimony in judicial proceeding).

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 5th day of OCTOBER, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT